Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PDDK LLC<br><br>Demandante-Peticionaria<br><br>Vs.<br><br>STORM KING WINDOWS & DOORS INC.<br><br>Demandada-Recurrida | TA2026CE00633 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2005CV06570<br><br>Sala: 500-A<br><br>Sobre: DESAHUCIO EN PRECARIO |

Panel integrado por su presidente, el Juez Pagán Ocasio, el Juez Cruz Hiraldo y el Juez Sánchez Báez[1]

Cruz Hiraldo, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de junio de 2026.

Comparece la parte peticionaria, PDDK LLC, y solicita la expedición del presente *certiorari* para la revocación de la *Resolución y Orden* emitida el 15 de abril de 2026 y notificada el 16 de abril de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. Mediante la resolución recurrida el foro primario ordenó al cause ordinario la demanda originalmente instada por la parte peticionaria de forma sumaria. La parte peticionaria también presentó una *Urgente Moción en Auxilio de Jurisdicción* la cual denegamos mediante nuestra *Resolución* del 19 de mayo de 2026.

Por los fundamentos expuestos en esta resolución, *denegamos* la expedición del recurso solicitado.

**-I-**

El 19 de diciembre de 2025, la parte peticionaria presentó *Demanda sobre Desahucio Sumario en Precario* contra la parte

---

[1] Mediante la OATA-2026-063 emitida el 2 de junio de 2026, se designa al Hon. Ángel R. Pagán Ocasio en sustitución de la Hon. Ivelisse M. Domínguez Irizarry.

recurrida, Storm King Windows & Doors, Inc. La parte peticionaria alegó ser el titular registral en pleno dominio de cierto inmueble sito en el Municipio de Vega Baja y utilizado por la parte recurrida como cede de su empresa. También alegó que el 18 de septiembre de 2025 suscribió junto a la parte recurrida un contrato de arrendamiento sobre la propiedad vigente desde el 18 de septiembre de 2025 hasta el 18 de marzo de 2026. El acuerdo contenía una cláusula de terminación del arrendamiento por aviso escrito con 30 días de antelación a la fecha de cancelación. Conforme a las alegaciones, el 12 de noviembre de 2025, la parte peticionaria notificó la cancelación del contrato efectivo al 12 de diciembre de 2025.

Superados algunos trámites, el 18 de marzo de 2026, la parte recurrida presentó *Contestación a Demanda, Reconvención y Demanda Contra Tercero* y *Moción de Conversión a Procedimiento Ordinario*. Al día siguiente, la parte recurrida presentó *Moción Enmendada de Conversión a Procedimiento Ordinario*. En apretada síntesis, la parte recurrida aseveró ser "verdadero y único titular" de la propiedad en litigio. El 26 de marzo de 2026, la parte peticionaria presentó *Oposición a Moción Enmendada de Conversión a Procedimiento Ordinario*. El 13 de abril de 2026, la parte recurrida presentó réplica a la oposición de conversión promovida por la parte peticionaria. Finalmente, el foro de primera instancia emitió la determinación recurrida, ordenó la continuación del litigio en el procedimiento ordinario. Inconforme, la parte peticionaria comparece y señala los siguientes errores:

> PRIMER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI EN LA APLICACIÓN DE LAS NORMAS DEL DERECHO SUSTANTIVO RELATIVAS A LA DOCTRINA DE CONFLICTO DE TÍTULO AL CONVERTIR EL PRESENTE PROCEDIMIENTO SUMARIO AL TRÁMITE CIVIL ORDINARIO, AÚN CUANDO LA PRUEBA EN LOS AUTOS DEL TPI DEMUESTRA QUE NO EXISTE POSIBILIDAD REAL DE QUE STORM KING

OSTENTE TÍTULO ALGUNO SOBRE LA PROPIEDAD.

SEGUNDO SEÑALAMIENTO DE ERROR: ERRÓ EL TPI EN LA APLICACIÓN DE LAS NORMAS DEL DERECHO SUSTANTIVO AL CONVERTIR EL PRESENTE PROCEDIMIENTO SUMARIO AL TRÁMITE CIVIL ORDINARIO BASÁNDOSE EN MERAS ALEGACIONES DE FRAUDE Y VIOLACIÓN DEL DEBER DE FIDUCIA QUE NO CUMPLEN CON EL ESTÁNDAR DE ESPECIFICIDAD REQUERIDO POR LA REGLA 7.2 DE PROCEDIMIENTO CIVIL.

TERCER SEÑALAMIENTO DE ERROR: ERRÓ EL TPI AL CONVERTIR EL PRESENTE PROCEDIMIENTO SUMARIO AL TRÁMITE CIVIL ORDINARIO BASÁNDOSE EN ALEGACIONES RELACIONADAS CON LA FIGURA DEL FIDEICOMISO CONSTRUCTIVO, AÚN CUANDO DICHA FIGURA RESULTA INAPLICABLE A LOS HECHOS ALEGADOS EN ESTE CASO Y SOLO PUEDE SURGIR MEDIANTE UNA DETERMINACIÓN JUDICIAL.

La parte recurrida también comparece mediante alegato escrito. Por ende, procedemos a disponer del presente recurso con el beneficio de la comparecencia de las partes, el contenido del expediente electrónico y el *Derecho* aplicable.

*-II-*

*-A-*

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar determinaciones interlocutorias del foro de origen. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023). El tribunal revisor tiene discreción para resolver el recurso promovido, ya sea, expedir y considerar la cuestión en sus méritos, o denegar sin otra salvedad sobre el asunto apelado. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011). La Regla 40 del Reglamento de este Tribunal, *In re Aprob Enmdas.,* Reglamento TA, 2025 TSPR 42, 215 DPR ___ (2025), establece los criterios al ejercer nuestra facultad discrecional de expedir o denegar un recurso extraordinario de *certiorari*:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*-B-*

El desahucio sumario es un remedio legal disponible al propietario de un inmueble arrendado para recobrar judicialmente su posesión. *Adm. Vivienda Pública v. Vega Martínez*, 200 DPR 235, 240 (2018). El carácter sumario del procedimiento responde al interés gubernamental de atender de manera prioritaria la reivindicación de la posesión y disfrute de un inmueble. *Turabo Ltd. Partnership v. Velardo Ortiz*, 130 DPR 226, 234-235 (1992). El alcance de las controversias que pueden ventilarse en este procedimiento sumario es limitado, ya que "lo único que se intenta recobrar mediante la referida acción sumaria es la posesión del inmueble, [...] los conflictos de título no pueden dilucidarse en un procedimiento de desahucio". *Crespo Quiñones v. Santiago Velázquez*, 176 DPR 408, 431 (2009). A raíz de lo anterior, la acción sumaria debe excluir la concurrencia o consolidación de

otras acciones o defensas. *ATPR v. SLG Volmar-Mathieu,* 196 DPR 5, 9-10 (2016).

Los conflictos de título existen "cuando [la parte demandada] presenta prueba suficiente que tienda a demostrar su derecho a ocupar el inmueble en controversia y que tiene un título tan bueno o mejor que el [de la parte demandante]". *Crespo Quiñones v. Santiago Velázquez, supra,* pág. 431. Cuando la parte demandada presenta defensas afirmativas relacionadas a su derecho a ocupar el inmueble o que tiene un título tan bueno o mejor que el demandante puede solicitar la conversión del litigio al trámite ordinario. *ATPR v. SLG Volmar-Mathieu, supra*, pág. 9-10; *Lemar S.E. v. Vargas Rosado,* 130 DPR 203, 209–210 (1992). El procedimiento se tramitará por la vía ordinaria si la conversión no causa dilaciones innecesarias y la parte demandada establece un caso *prima facie* en su defensa. *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 750 (1987); *Marín v. Montijo,* 109 DPR 268 (1979). "En tal caso, la reclamación estará sujeta a las reglas de la litigación civil ordinaria, excluyendo la legislación especial que reglamenta el desahucio sumario y sus restringidos plazos y condiciones". *ATPR v. SLG Volmar-Mathieu, supra,* pág. 10.

### -*III*-

De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio como el presente está revestido con una presunción de corrección fundada en la discreción judicial del juzgador de hechos. *In re Collazo I,* 159 DPR 141, 150 (2003). Por ello, los tribunales apelativos no debemos "intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.,* 200 DPR 724, 736 (2018).

En este caso, vista las contra reclamaciones y defensas acumuladas por la parte recurrida correspondía al juzgador auscultar los méritos de las defensas levantadas y de los hechos del caso para entonces ordenar, a su discreción, la conversión del procedimiento a uno ordinario. *Turabo Ltd. Partnership v. Velardo Ortiz, supra*, págs. 245-246; *Crespo Quiñones v. Santiago Velázquez, supra*, pág. 431. Nada nos sugiere que, en el ejercicio de sus facultades, el foro apelado incurriera en error o en abuso de la discreción que le asiste al emitir la resolución recurrida, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Igualmente, no advertimos un criterio jurídico particular para dejar sin efecto la determinación recurrida.

En virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado.

### -*IV*-

Por los fundamentos antes expuestos, los cuales hacemos formar parte de este dictamen, *denegamos* la expedición del auto solicitado. El Tribunal de Primera Instancia puede continuar el procedimiento sin necesidad de esperar por nuestro mandato. Regla 35 (A)(1) del Reglamento del Tribunal de Apelaciones, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. 63, 215 DPR __ (2025).

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones